**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
CANON USA, INC.,

                    Plaintiff,                    **ORDER**

      -against -

                                          CV 15-5634 (JFB) (AKT)

CAVIN'S BUSINESS SOLUTIONS, INC.,

                    Defendant.
------------------------------------------------------------------X
CANON USA, INC.,

                    Plaintiff,

      -against -

                                          CV 15-5637 (JFB) (AKT)

ÉLAN MARKETING, INC.
D/B/A ÉLAN OFFICE SYSTEMS,

                    Defendant.
------------------------------------------------------------------X
CANON USA, INC.,

                    Plaintiff,

      -against -

                                          CV 15-5638 (JFB) (AKT)

THE LIOCE GROUP, INC.,

                    Defendant.
------------------------------------------------------------------X
CANON USA, INC.,

                    Plaintiff,

      -against -

                                          CV 15-5639 (JFB) (AKT)

ZENO OFFICE SOLUTIONS, INC.,

                    Defendant.
------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiff Canon USA, Inc. ("Plaintiff") brings these related breach of contract actions against Cavin's Business Solutions, Inc. ("Cavin"), Élan Marketing, Inc. d/b/a Élan Office Systems ("Élan"), The Lioce Group, Inc. ("Lioce"), and Zeno Office Solutions, Inc. ("Zeno") (collectively, "Defendants"). This Order addresses the various discovery disputes currently pending before the Court.

A.     **Stipulation of Confidentiality and ESI Agreement**

The parties have not yet agreed to a final version of their Stipulation of Confidentiality and ESI Agreement. Plaintiff sought Court intervention on this issue in the Cavin action (15-CV-5634) by filing a letter motion requesting entry of its proposed Stipulation of Confidentiality and ESI Agreement. *See* DE 41 in 15-5634. Cavin opposed the motion and filed its own version of the Stipulation of Confidentiality and ESI Agreement. *See* DE 42 in 15-5634. Élan and Zeno thereafter filed motions in 15-CV-5637 and 15-CV-5639 requesting that the Court enter the Stipulation of Confidentiality and ESI Agreement proposed by Cavin. *See* DE 35 in 15-CV-5637 & 15-CV-5638.[1] Plaintiff opposed these motions, citing its pending motion in the Cavin action. *See* DE 36 in 15-CV-5637 & 15-CV-5639. Plaintiff also filed a short letter motion in the Lioce action (15-CV-5638) summarizing the parties' dispute and referring the Court back to its original letter motion in the Cavin action. *See* DE 35 in 15-CV-5638.

The parties represent in these various submissions that, although they have agreed to an ESI protocol and to the substantive provisions of a Stipulation of Confidentiality, they still dispute: (1) whether the Court should enter a global Stipulation of Confidentiality and ESI Agreement covering all four actions, as opposed to separate agreements in each action; and

---

[1]     Élan, Zeno, and Lioce also filed letters in the Cavin action in support of the Stipulation of Confidentiality and ESI Agreement proposed by Cavin. *See* DE 44 & DE 45 in 15-CV-5634.

(2) whether the Stipulation of Confidentiality should permit documents designated as "confidential" by Plaintiff to be shared among the Defendants in all four actions. *See, e.g.*, DE 41 & DE 42 in 15-CV-5634. Plaintiff advocates for the entry of separate Stipulations of Confidentiality and ESI Agreements in each case. *See, e.g.*, DE 41 in 15-CV-5634. Although Plaintiff "recognizes that, to some degree, discovery may overlap in the four cases and that certain efficiencies may be realized from coordinating discovery in such instances[,]" Plaintiff believes that a joint Stipulation of Confidentiality and joint ESI Agreement for all four cases would "subvert" the Court's intention of keeping the first-filed Cavin action on a separate discovery schedule from the subsequent actions against Élan, Lioce, and Zeno (collectively, "the Related Actions"). *Id.* Defendants assert that, because the Court has consolidated these actions for discovery, "the procedures and protocol regarding confidentiality and ESI should also be consolidated." DE 42 in 15-5634; *see also* DE 44 & DE 45 in 15-5634; DE 35 in 15-5637; DE 35 in 15-5638.

Plaintiff is correct that considering the procedural history of these cases, the Court intended the parties to the Cavin action to enter into a separate Stipulation of Confidentiality and ESI Agreement from the parties in the Related Actions. During the December 21, 2015 Initial Conference in the Cavin action, the Court set a limited schedule for the exchange of paper discovery and ESI, as well as a February 9, 2016 deadline for the parties to file their proposed Stipulation of Confidentiality and ESI Agreement. *See* 12/21/15 Civil Conference Minute Order ("CCMO") [DE 38] in 15-CV-5634.

On January 25, 2016, the Court conducted an Initial Conference in the Related Actions, which Cavin's counsel attended with the Court's permission. *See* 1/26/15 CCMO [DE 27] in 15-CV-5637, 15-CV-5638, and 15-CV-5639. The Court stated that it was consolidating the Related

3

Actions "for discovery only" and that all four cases (*i.e.*, the Cavin action and the Related Actions) would eventually "be on the same track" for discovery purposes. 1/25/16 Conference Tr., DE 36 in 15-CV-5634, at 5:20-22; 18:22-23. However, the Court expressly declined to "undo" the December 21, 2015 CCMO entered in the Cavin action. *Id.* at 19: 16-18. Rather, the Court directed the parties in the Cavin action to "proceed" with the deadlines set forth in the December 21, 2015 CCMO, while the parties in the Related Actions proceeded with the deadlines set in the January 26, 2016 CCMO. *Id.* at 19:18-22; *see* 1/26/15 CCMO ¶¶ 3, 5-6. As in the Cavin action, the Court set a limited schedule for the exchange of paper discovery and ESI in the Related Actions, as well as a March 14, 2016 deadline for the parties to file their proposed Stipulation of Confidentiality and ESI Agreement. 1/26/15 CCMO ¶¶ 5-6.

In light of these directives, the Court is at a loss to understand why Cavin thought it reasonable to object to the implementation of a separate Stipulation of Confidentiality and ESI Agreement in the Cavin action. *See* DE 42 in 15-5634. Cavin's counsel, Attorney Jarrell, made clear during the January 26, 2015 conference that he believed that the Court's consolidation of discovery in the Related Actions should also include the Cavin action. *See* 1/25/16 Conference Tr. at 18:2-5, 19:11-13. However, the Court made equally clear that, although the Cavin action would "eventually" be consolidated with the Related Actions for discovery purposes, the deadlines in the December 21, 2015 CCMO would not be undone and remained in effect. *Id.* at 19:16-22. This included the February 9, 2016 deadline for the parties in the Cavin action to file their proposed Stipulation of Confidentiality and ESI Agreement. Although Defendants apparently believe that a global Stipulation of Confidentiality and ESI Agreement covering all four actions is preferable to having separate agreements in the Cavin action, that view does not reflect what the Court's Orders say nor how the Court instructed the parties to proceed.

Nevertheless, the reality at this late date is that no Stipulation of Confidentiality and ESI Agreement has been entered in any of the four actions. Having reviewed the dueling versions of the Stipulation of Confidentiality and ESI Agreement submitted in the Cavin action, the Court finds that their substantive terms are practically identical. *See* DE 41 & DE 42 in 15-CV-5634. Indeed, the only difference between the two proposed ESI Agreements is the caption, which in Defendants' version includes all four cases. Moreover, as indicated during the January 26, 2015 conference, the Court intended that the Cavin action and the Related Actions would align on the same discovery schedule once (1) the parties had exchanged paper discovery/ESI in accordance with the December 21, 2015 and the January 26, 2016 CCMOs, and (2) Judge Bianco had decided the Defendants' motions to dismiss.

In light of these considerations, the Court is directing the parties to proceed with Defendants' proposed ESI Agreement covering all four actions. *See* DE 42-3 in 15-CV-5634. That document is to be signed by counsel for all parties and filed on ECF in the Cavin action by **October 7, 2016.** Once the Court "so orders" the ESI Agreement, it will spread the agreement across the docket in all four related actions.

As for the Stipulation of Confidentiality, the Court also finds that a global agreement covering all four actions is warranted at this juncture in the proceedings. However, Plaintiff objects to Defendants' proposed Stipulation of Confidentiality on the additional grounds that it would permit each defendant to share with the other defendants the "confidential" documents and information Plaintiff discloses to each. *See* DE 41 in 15-CV-5634. Plaintiff asserts that if, for example, it discloses "confidential" documents or information to Cavin in response to discovery served in the Cavin action, Cavin should not be permitted to share those documents or information with the other defendants by virtue of a joint Stipulation of Confidentiality. *Id.*

Plaintiff's concern is a valid one. The Court agrees that Defendants should not be permitted to freely exchange Plaintiff's "confidential" documents and information across these four actions which have been consolidated for discovery purposes only.[2] To address this concern, changes must be made to certain provisions of Defendants' proposed Stipulation of Confidentiality. *See* DE 42-2 in 15-CV-5634. Specifically, the Court is directing that the second sentence of paragraph two be modified to read as follows:

> A Designating Party may further designate any Confidential Material as Confidential Attorneys' Eyes Only Material if the Designating Party believes in good faith that disclosure of such Confidential Material to officers, directors, or employees (other than in-house counsel supervising ***the Action in which the Confidential Material has been requested*** and such counsel's support staff) of the party requesting it (the "Receiving Party"), poses a significant risk of competitive or business harm to the Designating Party.

*Id.* ¶ 2 (emphasis supplied to designate language modified/added by the Court).

Similarly, paragraphs six and seven of Defendants' proposed Stipulation of Confidentiality – which address the individuals and entities who may receive "Confidential" and "Confidential Attorneys' Eyes Only" material without violating the confidentiality agreement – should be modified to read as follows:

> 6. The Parties agree to maintain all Confidential Material in confidence. Confidential Material shall not, in any manner, in any form, in whole or in part, be shared with, discussed with, disclosed to, provided to, or produced to any person, entity, court, or tribunal other than:
>
> > (a) In-house corporate counsel and outside counsel for any of the Parties ***to the Action in which the Confidential***

---

[2] In fact, none of the parties have moved before Judge Bianco to formally consolidate these actions. Although Plaintiff filed a letter motion "to consolidate" in the Cavin action, that application requested that Judge Bianco consolidate the Élan, Lioce and Zeno actions with Cavin action for the purposes of deciding the Defendants' motions to dismiss the Complaints. *See* DE 18. Judge Bianco recently deemed Plaintiff's application moot following his decision on the motions to dismiss. *See* 9/26/16 Elec. Order.

6

*Material was requested*, and their partners, associates, paralegals, and clerical, or administrative support staff;

(b) Parties to *the Action in which the Confidential Material was requested*, and employees, directors, officers, and representatives of a Party who are assisting counsel in that Actions;

(c) Experts or consultants (including their employees, associates, and other support staff) retained by or assisting a Party in *the Action in which the Confidential Material was requested*, for consultation or testimony in that Action;

(d) The Court and its personnel, including any court reporters retained to record testimony or arguments in depositions or court proceedings;

(e) Any mediator appointed by the Court or engaged by the Parties;

(f) Persons noticed for depositions (provided that such persons may not retain any Confidential Material for which they were not the producing source); and

(g) Any other person approved by the Court in the interest of justice, or agreed upon in by writing by all Parties, including the Designating Party.

7. Confidential Attorneys' Eye's Only Material shall not, in any manner, in any form, in whole or in part, be shared with, discussed with, disclosed, provided, or produced to any person, entity, or court, or tribunal other than:

(a) In-house corporate counsel who are engaged in supervising *the Action in which the Confidential Attorneys' Eye's Only Material was requested for any of the Parties to that Action*, outside counsel for any of the Parties to *the Action in which the Confidential Attorneys' Eye's Only Material was requested*, and their partners, associates, paralegals, and clerical or administrative support staff;

(b) Experts or consultants (including their employees, associates and other support staff) retained by or assisting a Party to *the Action in which the Confidential Attorneys' Eye's Only Material was requested* for consultation or testimony in that Action;

> (c) The Court and its personnel, including any court reporters recording testimony or arguments in depositions or court proceedings;
>
> (d) Any mediator appointed by the Court or engaged by the Parties; and
>
> (e) Any other person approved by the Court in the interest or justice or agreed upon in writing by all parties, including the Designating Party.

*Id.* ¶¶ 6-7 (emphasis supplied to designate language modified/added by the Court). The Court otherwise adopts Defendants' proposed Stipulation of Confidentiality to the extent it differs from the version submitted by Plaintiff. *Compare* DE 42-2 in 15-CV-5634 *with* DE 41-1 in 15-CV-5634.

The Court is directing the parties to implement the aforementioned changes and to file their fully executed Stipulation of Confidentiality on ECF in the Cavin action by **October 7, 2016**. Once the Court "so orders" the Stipulation of Confidentiality, it will spread the Stipulation across the docket to all four related actions.

Based on the foregoing, the letter motions filed by Plaintiff [DE 41 in 15-CV-5634 and DE 35 in 15-CV-5638], and the letter motions filed by Élan and Zeno [DE 35 in 15-CV-5637 & 15-CV-5638] are GRANTED, in part, and DENIED, in part.

### B. Defendants' Motions to Stay Discovery

During the Initial Conferences in these actions, counsel for the Defendants requested a full stay of discovery pending Judge Bianco's decision on their motions to dismiss Plaintiff's complaints. *See* 12/21/15 CCMO ¶ 1; 1/25/16 CCMO ¶ 1. After conferring with Judge Bianco, the Court issued an Order "notif[ying] all counsel that the schedule entered on January 25, 2016 remains in effect." *See, e.g.*, DE 40 in 15-CV-5634. However, the Court permitted Defendants'

counsel to file letter motions directed to their request for a full stay of discovery.  *See id.*
Defendants thereafter filed letter motions requesting that the Court stay all discovery pending a
decision on their motions to dismiss.  *See* DE 43 in 15-CV-5634; DE 31 in 15-CV5637; DE 31 in
15-CV5638; DE 31 in 15-CV-5639.  Plaintiff opposed the request for a stay.  *See* DE 46 in 15-
CV-5634; DE 32 in 15-CV-5637; DE 32 in 15-CV-5638; DE 32 in 15-CV-5639.

While Defendants' letter motions were *sub judice* before this Court, Judge Bianco issued
a Memorandum and Order on September 23, 2016 granting, in part, and denying, in part, the
motions to dismiss Plaintiff's Complaints.  *See* Mem. & Order at DE 53 in 15-CV-5634, DE 37
in 15-CV-5637 DE 36 in 15-CV-5638, and DE 37 in 15-CV-5639.  Specifically, Judge Bianco
(1) denied Defendants' motions to dismiss Plaintiff's breach of contract claims; and (2) granted
Defendants' motions to dismiss Plaintiff's fraud claims and claims for the violation of the North
Carolina Unfair and Deceptive Trade Practices Act, the Nevada Deceptive Trade Practices Act,
and the Florida Deceptive and Unfair Trade Practices Act.  *Id.* at 1.

Since Judge Bianco has now decided the motions to dismiss, Defendants' motions to stay
discovery have effectively been rendered MOOT.  Accordingly, the Court is terminating those
motions.

As the Court stated in its January 26, 2016 Order, the deadlines set forth in the
January 26, 2016 CCMO (as well as the December 21, 2015 CCMO) have remained in effect in
spite of Defendants' request that all discovery be stayed.  *See, e.g.*, DE 40 in 15-CV-5634.  The
Court therefore presumes that the parties have complied with the limited discovery schedule by
serving their document requests and responses pursuant to the deadlines in the CCMOs.  Further
scheduling in these actions will be discussed at the conclusion of this Order.

### C. Plaintiff's Motion to Compel in the Cavin Action

On April 1, 2016, Plaintiff filed a letter motion in the Cavin action seeking to compel Cavin to withdraw its objections to certain documents requests. *See* DE 50 in 15-CV-5634. Plaintiff argues that Cavin has improperly declined to produce responsive documents dated before September 29, 2014 because of the one-year contractual limitations provision in the parties' Office Imaging Retail Dealer Agreement ("Dealer Agreement"). *Id.* Specifically, Cavin has asserted the following "threshold objection" to Plaintiff's Request Nos. 2, 3 and 4:

> Cavin's specifically objects to the request to the extent it seeks documents . . . before September 29, 2014. The [Dealer Agreement] bars claims for submissions under the CSMP program made before that date. As a result, documents concerning transactions before September 29, 2014, are not relevant to the claims at issue in this action . . . ***Cavin's will produce documents prior to that time period in the event the Court denies Cavin's motion to dismiss on the basis of the statute of limitations, in accordance with the relevant time period identified in the Court's order***[.]

*Id.* (emphasis in original). Cavin opposes Plaintiff's motion to compel, arguing, *inter alia*, that objecting on the basis of the one-year limitation period was reasonable since Cavin sought a full stay of discovery pending the outcome of its motion to dismiss the Complaint. *See* DE 52.

As set forth in Judge Bianco's Memorandum and Order, Defendants moved to dismiss Plaintiff's breach of contract claims on the grounds that they were barred by the one-year statute of limitations agreed to by the parties in the Dealer Agreements. Mem. & Order at 5. However, Judge Bianco ultimately rejected this basis for dismissal, holding that "[b]ecause factual issues remain that could defeat this affirmative defense, . . . application of the one-year limitations period is unwarranted at this juncture." *Id.* at 5-6; *see id.* at 6 ("The Court concludes that resolution of the defendants' statute of limitations argument requires a fact-specific evaluation that is not determinable at this stage of the litigation."). Thus, Judge Bianco "denie[d] the

motions to dismiss the breach of contract claims based upon the application of the one-year statute of limitations." *Id.* at 7.  Judge Bianco further stated that "[i]f they wish, defendants can raise the statute of limitations issue again at the summary judgment stage once discovery has been completed." *Id.*

In light of the foregoing factors, Cavin's objections to Plaintiff's Request Nos. 2, 3, and 4 have been rendered moot by Judge Bianco's decision rejecting Defendants' statute of limitations defense and denying the motion to dismiss Plaintiff's breach of contract claim.  Indeed, Cavin expressly stated in its objections that it would produce responsive documents beyond the one-year time period "in the event the Court denies Cavin's motion to dismiss on the basis of the statute of limitations . . . .[.]"  DE 50 in 15-CV-5634 (emphasis omitted).

The Court therefore is GRANTING Plaintiff's motion to compel Cavin to withdraw its objections to Plaintiff's Requests No. 2, 3 and 4, and is directing Cavin to produce supplemental responses in accordance with the time period outlined in those requests.  Cavin is to produce its supplemental responses to Plaintiff within ten (10) days of this Order.

### D. Further Scheduling

As discussed, the Court has held in abeyance all discovery beyond the exchange of document requests and responses pending Judge Bianco's decision on the motions to dismiss. 12/21/15 CCMO ¶ 3; 1/26/15 CCMO ¶ 3.  Now that Judge Bianco has resolved the motions to dismiss, the goal is to get discovery in these actions promptly back on track.

To that end, the Court is directing the parties to conduct a good faith meet-and-confer regarding, *inter alia*, the status of discovery and the impact of Judge Bianco's decision on discovery going forward.  That meet-and-confer is to take place no later than **October 10, 2016**. The Court is also setting these matters down for an in-person conference on **October 17, 2016 at**

11

**3:30 p.m.**  No later than three business days before the October 17, 2016 conference, the parties are to file a Discovery Status Report (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved;[3] (2) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (*i.e.*, provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (3) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses.  The remaining pre-trial deadline in these cases, including the schedule for summary judgment motion practice, will be discussed during the October 17, 2016 conference.

                                          **SO ORDERED.**

Dated:  Central Islip, New York
         September 29, 2016

                                              /s/ A. Kathleen Tomlinson
                                              A. KATHLEEN TOMLINSON
                                              U.S. Magistrate Judge

---

[3]     The Court directed during the Initial Conferences that "[o]nce counsel have received each other's responses [to their document demands], they are to conduct a good faith meet-and-confer to try to resolve any objections they may have to each other's productions.  Any unresolved issues are to be brought to the Court's attention promptly by way of either a letter motion or a formal motion under the Federal Rules."  12/21/15 CCMO ¶ 3; 1/25/16 CCMO ¶ 3.  The only such motion filed to date was Plaintiff's April 1, 2016 motion to compel, discussed *supra* in Section C of this Order.  The Court therefore assumes that the parties have otherwise resolved any objections they had to each other's initial document/ESI productions since they did not promptly seek Court intervention.